IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ESTEPHEN CASTELLON,**  CASE NO. 1:20 CV 940

    Petitioner,

    v.  JUDGE JAMES R. KNEPP II

**WARDEN JAY FORSHEY,**

    Respondent.  **MEMORANDUM OPINION AND ORDER**

Petitioner Estephen Castellon ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On April 28, 2023, Judge Clay issued an R&R recommending the Court dismiss the Petition. (Doc. 30). Petitioner filed objections to the R&R. (Doc. 36). Petitioner also filed a Motion to Stay (Doc. 32), which Respondent opposes (Doc. 33) and Petitioner replies (Doc. 37).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

## BACKGROUND

This habeas case, filed on April 30, 2020, stems from Petitioner's December 2017 conviction on two counts of rape and one count of kidnapping with a sexual motivation specification. *See* Doc. 1. Petitioner presented six grounds for relief[1]:

**Ground One:** There was insufficient evidence to support a finding of guilt on all counts/charges. Specifically, there was insufficient evidence to support the force or threat of force element of rape and insufficient evidence to support restraint of movement to support kidnapping.

**Ground Two:** Petitioner was denied effective assistance of trial counsel because (a) warrantless, manipulated cell phone data went unchallenged; (b) body camera footage was withheld due to counsel's negligence; (c) jail calls were admitted without objection; and (d) counsel failed to admit proof of address to impeach implication of flight.

**Ground Three:** Cumulative errors denied Petitioner a fair trial.

**Ground Four:** Prosecutorial Misconduct produced tainted evidence and denied a fair trial due to (a) the presentation testimony regarding recorded jail phone calls; (b) misconduct regarding the evidence obtained from Petitioner's cell phone; (c) failure to produce body camera footage; and (d) reliance on unjust evidence to establish flight.

**Ground Five:** Petitioner was denied the right to confront state witnesses – Petitioner's mother and ex-girlfriend.

**Ground Six:** Petitioner was denied his constitutional right to a speedy trial.

(Doc. 1).

In his R&R, Judge Clay recommends the Court find Ground One meritless; subparts (a), (b), and (d) of Ground Two procedurally defaulted, and subpart (c) of Ground Two meritless; Ground Three non-cognizable; Ground Four procedurally defaulted; Ground Five procedurally

---

1. The Court presents brief paraphrased summaries of Petitioner's grounds here. The R&R reproduces Plaintiff's exact claims. *See* Doc. 30, at 10-12.

defaulted and alternatively meritless; and Ground Six procedurally defaulted and alternatively meritless. (Doc. 30).

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment*

*Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R (Doc. 36) as well as a Motion to Stay (Doc. 32). Below, the Court addresses each in turn.

Motion to Stay (Doc. 32)

Following the issuance of the R&R and before he filed his Objections, Petitioner filed a Motion to Stay Habeas Proceedings. (Doc. 32). Therein, he requests the Court stay these proceedings while he litigates a successive petition for post-conviction relief in the state courts. *Id.* Petitioner's successive petition was filed in February 2023, and denied by the trial court. *See State v. Castellon*, No. CR-16-610907 (Cuyahoga Cnty. Ct. of Common Pleas). It is currently pending on appeal. *See State v. Castellon*, No. CA-23-112522 (Ohio Ct. App. 8th Dist.).

Petitioner contends a stay is necessary due to newly discovered evidence (information obtained via FOIA from the Department of Justice) and asserts it is necessary to "exhaust[] unexhausted claims pending in the state courts." (Doc. 32, at 1). Respondent opposes a stay, noting (1) Petitioner does not seek to add new claims to his habeas petition, and the original habeas petition was not a "mixed" petition containing exhausted and unexhausted claims; (2) a stay is not permitted for unexhausted *evidence*, only for unexhausted *claims*; and (3) even if the stay procedure were applicable, Petitioner has not demonstrated a meritorious claim or that he acted diligently in seeking to obtain the new evidence. (Doc. 33). In reply, Petitioner contends the "newly discovered evidence in the FOIA report has restructured the dynamics of the claims" and "reveals the furtherance of a sham legal process as well as obstruction." (Doc. 37, at 1). It appears Petitioner attempts to assert the contents of his cell phone were tampered with.

A district court is authorized to stay a habeas petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Pursuant to *Rhines*, the procedure is only appropriate when: (1) there is good cause for failure to exhaust in state court; (2) the unexhausted claims are not "plainly meritless"; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

The Court agrees with Respondent and denies Petitioner's motion to stay. As the two Magistrate Judges assigned to this case have previously held in addressing Petitioner's various discovery requests, such requests relate to claims that were either adjudicated on the merits by the state court (and thus, under *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), this Court is limited to the record as presented to the state court) or claims that are procedurally defaulted (and an expansion of the record would not serve to demonstrate cause for the default or change the outcome). *See* Docs. 16, 19, 23, 29.

Petitioner now seeks a stay while he pursues a successive post-conviction petition in state court based on some of the evidence previously sought. (Doc. 32). He states he "received a FOIA report from the DOJ after a six-year process." *Id.* at 1. But a similar rationale as previously applied regarding Petitioner's requests for discovery applies to Petitioner's request for a stay. A stay in a habeas proceeding is not permitted for unexhausted evidence, only for unexhausted claims. *Carter v. Mitchell*, 829 F.3d 455, 465-67 (6th Cir. 2016); *see also Carter v. Mitchell*, 2013 U.S. Dist. LEXIS 62231 * 4 (S.D. Ohio) ("the concept of 'unexhausted evidence' is unknown to habeas corpus jurisprudence"). And Petitioner has not argued (nor has Respondent) that any of his claims are unexhausted. Petitioner does not seek to exhaust an unexhausted claim, or add a new unexhausted claim. He does not assert that his original petition was a "mixed petition". "Courts

5

within the Sixth Circuit have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, like the Petitioner's, that do not include unexhausted claims." *Mix v. Warden*, 2020 WL 977875, at *3 (S.D. Ohio); *see also Elmore v. Shoop*, 2020 WL 3410764, at *13 (S.D. Ohio) ("[T]he stay-and-abeyance remedy set forth in *Rhines* [ ] applies only to 'mixed' petitions containing both exhausted and unexhausted claims.").

Petitioner's motion to stay (Doc. 32) is denied. The Court therefore turns to Petitioner's specific objections to the R&R.

Objection 1: Consideration of Petitioner's Supplement to Traverse

In his first objection, Petitioner states that the Magistrate Judge "mentioned" his Supplement to Traverse (Doc. 24), but "it's unclear if it was ruled upon." (Doc. 36, at 1). In an earlier Order, the Magistrate Judge granted Petitioner's request to supplement his traverse. (Doc. 29). Further, Petitioner cites nothing specific therein that was omitted from consideration. Therefore, this objection is overruled as moot.

Objection 2: Misrepresentation of Trial Testimony

In his second objection, Petitioner contends the Magistrate Judge (relying on the Ohio appellate court decision) misrepresented the trial testimony. (Doc. 36, at 1). When a petitioner challenges factual determinations, "a determination of [the] factual issue made by [the state] court shall be presumed correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Petitioner presents four arguments in this regard. First, he contends the Ohio Appellate Court incorrectly found Petitioner was on the victim's legs and she could not move. He asserts the trial testimony does not support this. The at-issue portion of the appellate court decision states the victim was awakened to "someone . . . engaging in sexual contact with her. She was on her stomach

and the person was on her legs and she could not move." *State v. Castellon*, 2019 WL 856246, at ¶ 10 (Ohio Ct. App.) ("*Castellon I*"). Petitioner presented this argument to the Magistrate Judge, who found Petitioner had not presented clear and convincing evidence the factual determination was incorrect; rather, he found the state court opinion was a "near duplication" of the victim's testimony at trial. (Doc. 30, at 25-26). On *de novo* review, the Court agrees with the analysis in the R&R.

Second, Petitioner contends the appellate court's factual determination that "[d]efense counsel indicated that she had listened to the [jail phone] calls", *Castellon I*, 2019 WL 856246, at ¶ 14, is incorrect because on the record, counsel stated she "had an opportunity to listen to the jail calls" and later stated, "[t]he information that I believe the detective is going to be discussing is summarized in his police report. He listened to it directly." (Doc. 36, at 2) (citing Trial Transcript, at 139). Petitioner seems to argue the contrast between the language "an opportunity to listen" and "[h]e listened to it directly" means defense counsel did not listen to the recording herself. The Court is unpersuaded, and having reviewed this portion of the transcript, finds Petitioner has not demonstrated the state court's factual finding is erroneous by clear and convincing evidence.

Third, Petitioner objects to the state appellate court's use of the word "recordings" to refer to Detective Mladek's testimony regarding jail phone calls when the actual recordings were not played in court "and his inadmissible testimony does not reflect the recordings." (Doc. 36, at 2) (citing *Castellon I*, 2019 WL 856246, at ¶¶ 14, 15, 16). The Court finds Petitioner has not presented "clear and convincing evidence" that the state court's factual findings were erroneous. In context, it is clear from the appellate court's opinion that its factual findings and references to "recordings" reflect that the actual recordings were not played in court, and the facts are based upon the detective's testimony or the recording transcript:

> The investigating detective, Donald Mladek ("Detective Mladek"), also testified. Prior to his testimony, the state and defense agreed that he would be allowed to summarize jail calls made by Castellon without playing the actual calls or requiring the translator who translated the "Spanglish" portions of the calls to testify. Defense counsel indicated that she had listened to the calls and did not object to the transcript of the calls being admitted into evidence.

*See Castellon I*, 2019 WL 856246, at ¶ 14 (footnote omitted)

Fourth and finally, Petitioner objects to a statement in the appellate court decision regarding text messages between the victim and her friend on the day of the incident. (Doc. 36, at 2) (citing *Castellon I*, 2019 WL 856246, at ¶ 17). He contends the text messages "are not in [the victim's] phone records[,] proving manipulation (spoof) of technical evidence and are part of prosecutorial misconduct." (Doc. 36, at 2). The state appellate court decision says:

> Detective Mladek also photographed the text messages exchanged between A.I. and her friend on the day of the incident. Further, the detective obtained Castellon's cell phone and obtained a search warrant to take a mirror image of the phone. Although it had been deleted, the detective located Castellon's text to A.I. apologizing. Detective Mladek also recovered a deleted text message to Castellon confirming a reservation for an airline flight from Cleveland to Los Angeles for three days after the incident occurred.

2019 WL 856246, at ¶ 17. Petitioner's objection on this point is not entirely clear. As such, the Court finds Petitioner has not satisfied his burden to "rebut[] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Objection 3: Untimely Supreme Court of Ohio Appeal

In his third objection, Petitioner appears to contend the Magistrate Judge's statement that he "did not timely file [his direct] appeal in the Supreme Court of Ohio" is incorrect because the R&R also states, on the following page, that Petitioner "appealed the [appellate court's] decisions affirming judgment on direct appeal and denying his application to reopen the appeal to the Supreme Court of Ohio." (Doc. 36, at 2) (citing Doc. 30, at 8-9). He contends "[a] major detail that the magistrate is disregarding is the initial jurisdictional appeal to the Ohio Supreme Court

8

was delayed for a week and filed two days late." *Id.* Thus, Petitioner appears to admit the appeal was not timely filed. He then asserts he explained the reason for the late filing. *Id.* at 2-3. On *de novo* review of the record, the Court finds no error in the Magistrate Judge's determination that Petitioner did not timely file his direct appeal to the Supreme Court of Ohio. *See* Ohio Sup. Ct. Practice R. 7.01(A)(1)(a) (requiring an appeal be filed within 45 days).

Petitioner's assertion that his initial jurisdictional appeal to the Ohio Supreme Court was "filed two days late" is not supported by the record, which evidences no separate initial jurisdictional appeal to the Ohio Supreme Court. *See* Doc. 10-1. That Petitioner attempted to file an appeal of his direct appeal at the same time as the denial of his application to reopen does not render his appeal of the appellate court's denial of his direct appeal timely. This objection is overruled.

Objection Four: Sufficiency of the Evidence (Ground One)

In his fourth objection, Petitioner challenges the R&R's conclusion that the state appellate court decision that sufficient evidence supported Petitioner's convictions was not based on an unreasonable determination of the facts or unreasonable application of clearly established federal law. (Doc. 36, at 3-10). Specifically, he argues "the factual predicates for the cases used by the appellate court are distinct from those in the instant case" and asserts the evidence was insufficient to demonstrate the force element of rape and the restraint element of kidnapping. *Id.* at 3. He relies on a 2023 Ohio appellate court decision explaining disagreements among Ohio courts regarding what evidence is necessary to prove the force element of rape. *Id.* at 5-9 (quoting *State v. Torres*, 2023 WL 3144538 (Ohio Ct. App.)).

In reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could

9

have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The reviewing court may not "reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the [fact-finder]." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). On habeas review this question involves "a double layer of deference": *Jackson* allows the state court to view the evidence in the light most favorable to the prosecution and to overturn only an unreasonable verdict, and AEDPA forbids the habeas court from overturning the conviction unless the state court's sufficiency determination itself was unreasonable. *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). Given this "double deference," a habeas petitioner "who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle." *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

As already discussed with regard to Petitioner's first objection, the Court agrees with the R&R's analysis regarding the appellate court's determination of the facts. And this argument at its core asks the Court to delve into the interpretation of Ohio law. To the extent Petitioner contends the appellate court was incorrect as a matter of state law, such a claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is the prerogative of the state to define the elements of a crime and that definition binds the federal courts. *See Johnson v. United States*, 559 U.S. 133, 138 (2010) ("We are, however, bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements[.]"). And federal habeas courts are bound by a state court's interpretation of state law, including an interpretation made on direct appeal of the conviction being challenged. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

10

The state court's finding that "[a]s to the use of force or threat of force required for a rape conviction, the Supreme Court of Ohio has stated that '[f]orce need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established'" is a state court interpretation of state law. *Castellon I*, 2019 WL 856246, at ¶ 23 (quoting *State v. Eskridge*, 38 Ohio St. 3d 56, 58-59 (Ohio 1998)). The state court found the victim's testimony that she could not move and was afraid to move, and that Petitioner pulled her legs toward the edge of the bed, was sufficient factual evidence to establish the forcible element of rape, as well as that the victim's liberty was restrained as necessary to support a kidnapping conviction. *Id.* at ¶¶ 23, 27. The appellate court's conclusion in this regard was not "far out of line with the very general standard set forth in *Jackson v. Virginia*" so as to require habeas relief. *Davis*, 658 F.3d at 535. Therefore, the Court agrees with the R&R's conclusion and finds the state court decision was neither an unreasonable application of, nor contrary to, federal law regarding sufficiency of the evidence. This is particularly so given the "double deference" applicable to a sufficiency challenge under AEDPA. *Davis*, 658 F.3d at 534.

<u>Objection Five: Ineffective Assistance of Trial Counsel re: Jail Phone Calls (Ground 2)</u>

In his fifth objection, Petitioner contends the R&R's conclusion regarding his ineffective assistance of trial counsel claim (for failure to subpoena the translator of recorded jail phone calls) is incorrect. (Doc. 36, at 10-14). He again relies on an Ohio appellate case to make his argument, contending the Magistrate Judge failed to address the case. *Id.* at 12-13.

Once again, on habeas review, the Court does not resolve questions of state law. And, on *de novo* review, the Court agrees with the R&R's conclusion that this subclaim is meritless in that the state court decision – finding, *inter alia*, Petitioner had not demonstrated the required prejudice

11

under *Strickland v. Washington*, 466 U.S. 668 (1984) – is not contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(a).

Objection Six: Procedural Default of Ineffective Assistance of Trial Counsel Claims (Ground 2)

In his sixth objection, Petitioner objects to the R&R's conclusion that he procedurally defaulted all of his other ineffective assistance of trial counsel subclaims. (Doc. 36, at 14-15). These subclaims raise assertions of ineffective assistance of trial counsel for (1) failing to challenge "warrantless, manipulated cell phone data"; (2) "negligently allowing body cam footage to be withheld"; and (3) failing to introduce evidence of his address to "impeach implication of flight." *See* Doc. 1, at 3-4. The R&R recommends the Court find these claims procedurally defaulted because Petitioner did not raise these claims on direct appeal. (Doc. 30, at 27-29). It further notes that Petitioner's post-conviction petition raising these claims may not serve as cause to excuse the default because the trial court denied that petition as untimely. *Id.* at 29.

To the extent these subclaims were based on evidence in the trial record, Petitioner was required to raise them on direct appeal and they are defaulted by his failure to do so. *Hill v. Mitchell*, 842 F.3d 910, 936 (6th Cir. 2016) (In Ohio, "[c]laims based on evidence wholly *within* the trial record must be brought on direct appeal, while claims based on evidence *outside* the trial record cannot be brought on direct review and must be raised in a petition for state post-conviction relief.").

Even if any of these ineffective assistance claims were properly raised for the first time in his post-conviction petition, Petitioner procedurally defaulted them when he failed to appeal from the trial court's denial of that petition. Petitioner thus failed to pursue these claims "one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), and there is no remaining state-court remedy for the claim, *see State v. Nichols*, 11

Ohio St. 3d 40, 43 (Ohio 1984) ("[W]e hold a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a post-conviction relief determination . . . ."). *See, e.g.*, *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."). The Court overrules Petitioner's objection to the R&R in this regard.

Objection Seven: Procedural Default of Prosecutorial Misconduct Claims (Ground 4)

Petitioner objects to the R&R's conclusion that he procedurally defaulted all of his prosecutorial misconduct claims, contending these claims are not defaulted for the same reasons his ineffective assistance of counsel claims are not defaulted. However, the Court agrees with the R&R on *de novo* review and finds these claims procedurally defaulted. These claims were first raised in Petitioner's post-conviction petition. *See* Ex. 69, Doc. 10-1, at 274-78. Even assuming *arguendo* this was the proper first place to raise such claims, Petitioner defaulted them by not appealing the trial court's denial of that petition (just as with the ineffective assistance of counsel claims above).

Objection Eight: Prosecutorial Misconduct Regarding Jail Calls (Ground 4)

Petitioner raises two objections regarding the Magistrate Judge's analysis of his claim of prosecutorial misconduct regarding the admission of jail phone calls. First, Petitioner contends the R&R ignored his argument that the state court improperly applied *res judicata*. He argues the state court incorrectly applied *res judicata* because the state appellate court on direct appeal only addressed the jail recordings claim in the context of ineffective assistance of trial counsel claim, and his 26(B) claim regarding ineffective assistance of appellate counsel for failure to assert a prosecutorial misconduct claim based on the jail phone calls is a different cause of action. (Doc.

13

36, at 16). Ohio's *res judicata* rule bars a defendant from raising in post-conviction review a claim that was or could have been raised on direct appeal. *See State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The Ohio appellate court held that *res judicata* prevented it from "once again determining whether Castellon was prejudiced by the admission of the recorded jail phone conversations" because in the direct appeal it had determined the statements were admissible. State v. *Castellon*, 2019 WL 4316513, at *1-2 (Ohio Ct. App.) ("*Castellon II*"). In both his ineffective assistance of trial counsel claim and his prosecutorial misconduct claim, Petitioner asserted the evidence used was inadmissible. Thus, Petitioner has not shown the state court application of *res judicata* was improper.

And even if he had, this is not the basis on which the R&R ultimately based its conclusion. Rather, it concluded that Petitioner procedurally defaulted this claim when he failed to raise it to the Ohio Supreme Court. In this regard, Petitioner objects to the R&R's citation of *Carter v. Mitchell*, 693 F.3d 555 (6th Cir. 2012), in finding Petitioner had procedurally defaulted this particular claim of prosecutorial misconduct. (Doc. 36, at 15-16). Specifically, he contends *Carter* addressed a default based on the failure to appeal a 26(B) application to the Ohio Supreme Court, but Petitioner did so appeal here. *Id.* The Magistrate Judge did not err. As he correctly pointed out, in Petitioner's appeal of the denial of his 26(B) application, Petitioner argued the merits of his prosecutorial misconduct claim related to the admission of jail phone calls rather than his ineffective assistance of appellate counsel claim. *See* Doc. 30, at 39; Ex. 81, Doc. 10-1, at 364-65. As such, this claim is defaulted and Petitioner's objection is overruled.

Objection Nine: Confrontation (Ground 5)

Petitioner objects to the R&R's conclusion that his confrontation clause claim is procedurally defaulted. (Doc. 36, at 16-17). Specifically, this claim relates to testimony presented

14

at trial about recorded jail calls with Petitioner's mother and ex-girlfriend, when neither was available for cross-examination. This claim was not raised on direct appeal. Petitioner seemingly objects to the R&R's conclusion that he could not show cause to overcome the default.

On *de novo* review, the Court concludes the Magistrate Judge correctly found this claim procedurally defaulted as it was not raised on direct appeal. Petitioner did raise this claim in his Rule 26(B) application to reopen, but the appellate court found Petitioner could not demonstrate counsel's performance was deficient, nor could he show prejudice. *Castellon II*, 2019 WL 4316513, at *3 ("The decision of trial counsel to confront any witnesses falls squarely within the realm of trial strategy and tactics that will not be disturbed on appeal absent the demonstration of prejudice . . . We conclude a lack of prejudice because Castellon has failed to demonstrate that had the failure to cross-examine his ex-girlfriend and mother been presented as an argument in the direct appeal, this court would have reversed his conviction."). Because this determination is not contrary to or an unreasonable application of federal law (*Strickland v. Washington*, 466 U.S. 688 (1984)), Petitioner cannot rely on ineffective assistance of appellate counsel as cause for the default. *See Moore v. Mitchell*, 708 F.3d 760, 777-78 (6th Cir. 2013). This objection is overruled.

Objection Ten: Speedy Trial (Ground 6)

Petitioner objects to the Magistrate Judge's finding that he procedurally defaulted his speedy trial claim. (Doc. 36, at 18). He contends that the R&R "overlooks the fact that Castellon raised speedy trial in his 26(B)" and "the record reflects that the issue was raised and considered." *Id.*. The Magistrate Judge found Petitioner procedurally defaulted this claim because when he appealed the denial of his 26(B) application "he did not pursue the ineffective assistance claim, and instead asserted only the underlying claim—that his right to a speedy trial was violated." (Doc. 30, at 45).

First, to the extent Petitioner argues this issue was preserved for federal habeas review because the state court addressed the merits of the claim, he is incorrect. The state appellate court only addressed the merits of the claim through the lens of a claim of ineffective assistance of counsel. *See Castellon* II, 2019 WL 4316513, at *3-4. Second, on *de novo* review, the Court agrees with the R&R's conclusion. In Petitioner's memorandum in support of jurisdiction to the Ohio Supreme Court, he asserted he was denied his constitutional right to a speedy trial; he did not specifically assert he was denied the effective assistance of appellate counsel for failure to assert that claim on direct appeal. *See* Ex. 81, Doc. 10-1, at 364-65. Third, even if Petitioner had not procedurally defaulted the ineffective assistance of appellate counsel claim on these facts, the state court's determination that Petitioner could not show prejudice under *Strickland* for such a claim (*Castellon II*, 2019 WL 4316513, at *4) is not contrary to or an unreasonable application of federal law. As such, Petitioner cannot rely on ineffective assistance of appellate counsel as cause for the default. *See Moore*, 708 F.3d at 777-78 Finally, the Court agrees with the Magistrate Judge's analysis that even if this claim were not defaulted, it would fail on the merits. (Doc. 30, at 46-53). This objection is overruled.

### Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Motion to Stay (Doc. 32) be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Judge Clay's R&R (Doc. 30) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                 s/ *James R. Knepp II*
                                                 UNITED STATES DISTRICT JUDGE